1999 ME 61

**Robert Lee HARRIS Jr.**

v.

**STATE of Maine.**

Supreme Judicial Court of Maine.

Argued Jan. 7, 1999.

Decided April 23, 1999.

John M.R. Paterson (orally), Bernstein, Shur, Sawyer & Nelson, Portland, for the Defendant.

Geoffrey A. Rushlau (orally), District Attorney, Patricia A. Mador, Assistant District Attorney, Wiscasset, for the State.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, and CALKINS, JJ.

RUDMAN, J.

[¶ 1] Robert Lee Harris Jr. appeals from the decision entered in the Superior Court (Lincoln County, *Brodrick, J.*) dismissing his post-conviction petition with prejudice. Harris contends the court erred in dismissing his petition. We disagree and affirm the judgment.

[¶ 2] In 1991, Harris was convicted of rape after a jury trial in Lincoln County. In 1992, Harris pled guilty to a second count of rape in Knox County. He appealed his convictions. His appeals were consolidated and the judgments entered in Knox and Lincoln Counties were affirmed by this court in a memorandum of decision. *State v. Harris,* No. 6180 (Me. May 15, 1992) (mem.). On July 30, 1993, Harris filed separate post-conviction petitions. The court ordered Harris's claims of ineffective assistance of counsel to be assigned to the regular criminal docket in Knox and Lincoln Counties, respectively. The cases were not consolidated. The docket entries in both cases indicate sporadic activity, and the Lincoln County docket reflects an entry on February 9, 1994:

> Oral motion made by petitioner Robert Harris for the court to take no further action on this or Knox County matters until notified to do so by petitioner. GRANTED.

[¶ 3] On August 18, 1995, the State filed a motion to dismiss both the Knox and Lincoln County post-conviction petitions pursuant to M.R.Crim. P. 70(e).[1] On

---

1. Rule 70(e) provides:

   **(e) Dismissal of Petition for Failure to** Prosecute. The assigned justice, on his or

November 7, 1995, the Lincoln County Superior Court held a hearing on the motion, and court-appointed counsel represented Harris at the hearing. The court (*Brodrick, J.*), following the mandate of Rule 70(e), dismissed Harris's petitions, stating:

> I find that Mr. Harris requested that nothing take place until he told the court to have something take place, I find that nothing has happened for more than a year and I find no cause good or otherwise why nothing has happened for more than a year, and the motion to dismiss on both cases is granted.

[¶ 4] Subsequent to the court's dismissal of his petitions, Harris filed motions for the appointment of new counsel. After the appointment of such counsel on September 5, 1997, Harris filed a motion to restore his petitions for post-conviction review to the docket. The court (*Brodrick, J.*) denied the petitions after a hearing on November 24, 1997.

[¶ 5] Although M.R.Crim. P. 76(c)[2] provides that an appeal must be taken within 20 days of a court's decision, it was not until January 5, 1998 that Harris filed a notice of appeal from the judgment pursuant to 15 M.R.S.A. § 2131 (Supp.1998).[3] On April 24, 1998, we issued an order granting a certificate of probable cause. That order provided:

> WHEREAS, pursuant to 15 M.R.S.A. § 2131, [Harris] has filed a notice of appeal from the judgment entered in the Superior Court in the above-entitled post-conviction review proceeding, which notice by law constitutes a request for a certificate of probable cause; and
>
> WHEREAS, [Harris] was unaware of the dismissal of his petition until after the appeal period had elapsed because of circumstances outside of [his] control;
>
> NOW, THEREFORE, it is ORDERED that the time to file an appeal from the judgment in the above-entitled post-conviction review proceeding should be and hereby is extended for good cause shown. [Harris] is ORDERED to file an appeal from the November 7, 1995 judgment of the Superior Court by

---

her own initiative or on motion of the respondent, after notice to the parties, and *in the absence of a showing of good cause to the contrary by the petitioner*, shall dismiss a petition for want of prosecution at any time more than one year after the last docket entry showing any action taken therein by the petitioner other than a motion for a continuance. Unless the assigned justice in the order for dismissal otherwise specifies, such dismissal shall operate as an adjudication upon the merits.
M.R.Crim. P. 70(e) (emphasis added).

2. Rule 76(c) provides:

**RULE 76. REVIEW OF FINAL JUDGMENT BY THE LAW COURT**
. . . .
(c) **Time for Taking Appeal.** The time within which an appeal may be taken shall be 20 days from the entry of the judgment making final disposition on the docket, *except that, upon ·a showing of excusable neglect, the assigned justice may*, before or after the time has expired, with or without motion and notice, *extend the time for filing the notice of appeal* not

exceeding 30 days from the expiration of the original time herein prescribed.
M.R.Crim. P. 76(c) (emphasis added).

3. Section 2131 of Title 15 provides, in pertinent part:
**§ 2131. Review of final judgment**
A final judgment entered under section 2130 maỳ be reviewed by the Law Court.
1. **Appeal by petitioner.** An appeal by the petitioner may not proceed unless the Law Court issues a certificate of probable cause. The filing of the notice of appeal shall be deemed to constitute a request for a certificate. The clerk of the Superior Court, upon receipt of a notice of appeal, shall forward to the Law Court the complete record of the proceedings. The record so forwarded shall be returned to the clerk of the Superior Court with the order of the Law Court. Denial of the certificate constitutes finality of the proceedings.
. . . .
3. **Procedure on appeal.** The time for appeal and the manner of taking an appeal shall be as the Supreme Judicial Court shall by rule provide.
15 M.R.S.A. § 2131 (Supp.1998).

May 26, 1998. It is FURTHER OR-
DERED that a copy of this order shall
constitute the certificate of probable
cause required under 15 M.R.S.A.
§ 2131. The appeal shall proceed in
accordance with the provision of Rules
76 through 78 of the Maine Rules of
Criminal Procedure.

[¶ 6] Thus, we limited our review
to an appeal from the November 7, 1995
judgment of the Superior Court which dis-
missed Harris's petitions for post-convic-
tion review. By its plain language,
M.R.Crim. P. 70(e) mandates the assigned
justice to dismiss a petition for want of
prosecution absent a showing of good
cause. At the November 7, 1995 hearing,
Harris offered no "good cause" as to why
the court should not dismiss the petitions.
In fact, the failure to prosecute was attrib-
utable, at least in part, to Harris's own
inactivity after asking the court to take no
further action until he notified the court to
do so.

[¶ 7] Harris brought his petitions pur-
suant to Chapter 305–A of Title 15 of the
Maine Revised Statutes Annotated. This
chapter provides "a comprehensive and
... exclusive method of review of ...
criminal judgments." 15 M.R.S.A. § 2122
(Supp.1998).

[¶ 8] Chapter 305–A specifically
authorizes the Supreme Judicial Court to
adopt rules governing procedures in post-
conviction review cases. See 15 M.R.S.A.
§ 2129(5) (Supp.1998). In 1981, we
adopted Rules 65–78 of the Maine Rules of
Criminal Procedure, to govern post-convic-
tion review proceedings. See M.R.Crim.
P. 65–78. The statute and rules we pro-
mulgated are designed to afford speedy
relief in post-conviction actions.
M.R.Crim. P. 70(e) mandates a dismissal
of the proceeding unless the petitioner es-
tablishes good cause for delay. Although

M.R.Crim. P. 70(e) affords the petitioner
an opportunity to make a showing of good
cause, the rule requires the dismissal of
the action in the absence of such a show-
ing, even under circumstances in which
dismissal might seem unfair to the peti-
tioner. The Legislature in enacting the
statute, and we in adopting the applicable
rules, sought to provide an efficient proce-
dure for the review of criminal convictions
and to bring finality to criminal prosecu-
tions.

The entry is:

Judgment affirmed.

DANA, J., with whom ALEXANDER,
J., joins, dissenting.

[¶ 9] I respectfully dissent. The histo-
ry of this case demonstrates that through
the neglect of his court-appointed lawyers
Harris was utterly deprived of an adequate
opportunity to present his post-conviction
claims and has been, therefore, deprived of
his right to post-conviction review. The
statutory remedy of post-conviction re-
view, Title 15 M.R.S.A. §§ 2121–32, was
intended to fully implement and replace
the constitutional right of post-conviction
habeas corpus, 15 M.R.S.A. § 2122. If the
statutory remedy has been lost by the
incompetence and negligence of the law-
yers the court system appointed, I would
give him his constitutional remedy, the
writ of habeas corpus. ME. CONST. art. I,
§ 10.